# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV528-C

| | |
|---|---|
| **BRENDA INGRAM,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**FAMILY DOLLAR STORES OF** )<br>**ALABAMA, INC. d/b/a FAMILY** )<br>**DOLLAR STORES,** )<br>)<br>**Defendant.** )<br>) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the "Defendant's Motion to Compel" (document #30) filed May 18, 2007. The Plaintiff has not filed a Response, and the time for doing so has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the "Defendant's Motion to Compel," as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

This is an action alleging that the Defendant has failed to pay the Plaintiff proper overtime in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 <u>et seq.</u> ("FLSA"). The Plaintiff seeks to pursue her claims as a collective action pursuant to Section 216(b) of the FLSA on behalf of herself and other similarly situated employees of the Defendant.

The subject motion, however, does not address the merits of the Plaintiff's case. Rather, the

issue is the Plaintiff's failure to actively and timely participate in discovery. The Pretrial Order and Case Management Plan required the Plaintiff to serve her Federal Rule of Civil Procedure 26(a) disclosures on or before April 20, 2007. The Plaintiff has still not served these disclosures.

Further, the Defendant served its First Set of Interrogatories and Request for Production of Documents on March 19, 2007. The Plaintiff's Responses were due on April 23, 2007, but with the Defendant's consent, the Plaintiff's response time was extended up to and including May 7, 2007. The Plaintiff never responded to the Defendant's discovery requests. During the same time period the Defendant had also scheduled the Plaintiff's deposition, with the consent of the Plaintiff, to occur on April 25, 2007. When Plaintiff's counsel communicated to the Defendant that the original deposition date was no longer a possibility, the Defendant consented to reschedule for May 18, 2007.

After many attempts at communication by the Defendant, on May 14, 2007, a secretary for the Plaintiff's counsel informed defense counsel that the Plaintiff could not be located and that this was the reason for the Plaintiff's total failure to respond to discovery requests and provide her Rule 26(a) disclosures, making it apparent that the deposition would not proceed either. On May 16, 2007, the Plaintiff's counsel confirmed that he could not locate the Plaintiff, but also stated that he could not agree to a dismissal.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need

2

> not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Further, it is clear that dismissal and the imposition of monetary sanctions are appropriate remedies available under Rule 37 for a party's blatant and continuing failure to obey rules governing discovery and orders of the district court. See Fed. R. Civ. P. 37(b)(2); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504 (4th Cir. 1977).

The undersigned warns the Plaintiff and her counsel that any failure to make Initial Disclosures, attend a deposition, or to respond to the Defendant's Interrogatories and Requests to Produce, to fail to respond to any other of the Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions <u>against the Plaintiff and/or her counsel personally</u>. **Sanctions may include the Plaintiff and/or her counsel being required to pay the**

**Defendant's costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice**.

Accordingly, the Defendant's Motion will be <u>granted</u> to the extent it seeks to compel the Plaintiff to participate in the lawsuit she initiated. Specifically, the Plaintiff must provide her Rule 26(a) disclosures on or before **Monday, June 25, 2007**. In addition, she must provide her Responses to the Defendant's First Set of Interrogatories and Request for Production of Documents on or before **Monday, June 25, 2007**. Finally, she must make herself available in Charlotte, North Carolina for her deposition on a date to be determined by the parties between **July 2, 2007 and July 16, 2007**. Failure to comply with these dates will leave the Plaintiff and her counsel vulnerable to the sanctions discussed above.

### III. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Defendant's Motion to Compel" (document #30) is **GRANTED**. The Plaintiff shall: (1) provide her Rule 26(a) disclosures on or before **Monday, June 25, 2007**; (2) provide her Responses to the Defendant's First Set of Interrogatories and Request for Production of Documents on or before **Monday, June 25, 2007**; and (3) make herself available in Charlotte, North Carolina for her deposition on a date to be determined by the parties between **July 2, 2007 and July 16, 2007**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: June 11, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge